**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND RUIZ, | : |
| | : Civil Action No. 09-4259 (RBK) |
| Plaintiff, | : |
| | : |
| v. | : **OPINION** |
| | : |
| KEVIN STILLS, et al., | : |
| | : |
| Defendants. | : |

**APPEARANCES:**

    RAYMOND RUIZ, Plaintiff pro se
    654220/496035E
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey, 07114

    DOUGLAS M. LONG, ESQ.
    LONG, MARMERO & ASSOCIATES, LLP
    44 Euclid Street
    Woodbury, New Jersey 08096
    Counsel for Defendants

**KUGLER**, District Judge

THIS MATTER comes before the Court on the motion of defendant, Cumberland County Jail, to dismiss the Complaint, pursuant to Fed.R.Civ.P. 4(m) and 12(b)(6). (Docket entry no. 17). Plaintiff has not filed any opposition to defendant's motion. This matter is being considered on the papers pursuant to Fed.R.Civ.P. 78. For the reasons set forth below, defendant's motion will be granted.

I.   BACKGROUND

On or about August 20, 2009, plaintiff, Raymond Ruiz ("Ruiz"), filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983, against defendants: Kevin Stills, Correctional Officer and the Cumberland County Jail.  (Complaint, Caption).  In his Complaint, Ruiz alleged that, on July 6, 2009, around 12:45 p.m. to 1:15 p.m., he was collecting trays during lock down when another inmate started to question why there was a lock down, and Ruiz said to "drop a request slip or drop a grievance." Defendant, Correction Officer ("CO") Kevin Stills, told plaintiff to "shut up" and "do your job," to which plaintiff replied that he was doing his job.  Ruiz alleged that he started talking to himself about how difficult it was to work under such pressure. He then passed CO Stills with the tray cart, and Stills allegedly assaulted Ruiz by grabbing plaintiff from behind, slamming plaintiff against a wall, and using his forearm to choke plaintiff with such force that plaintiff almost passed out. Stills also yelled abusive language at Ruiz.  Ruiz asked Stills why he choked him and Stills allegedly pulled out pepper spray. Ruiz states that he tried to talk Stills down, but Stills got in a fighting stance and told plaintiff to "rock."

Ruiz further alleged that Stills then rushed Ruiz, threw Ruiz against the wall and punched him.  Ruiz tried to hold Stills, but other correctional officers arrived and forced

plaintiff to the ground.  Ruiz was handcuffed and his arm was twisted.  He was taken to the sergeant's desk and then to the nurse for care of his bruises.  Ruiz was then taken to pre-detention lock-up, where he stayed until July 16, 2009, about nine days.  During this time, no disciplinary charges were issued to him.  However, after he complained about detention and the new cell where he has to sleep on the floor, he was served with disciplinary charges on July 19, 2009, for refusing to obey an order of a staff member, fighting, and conduct which disrupts or interferes with the security or orderly running of the correctional facility.  His disciplinary hearing was scheduled for July 21, 2009.  After plaintiff gave his statement, the hearing officer told him to forget about it and gave an order that plaintiff be returned to H-block without lock-down.

   Ruiz asks for injunctive relief in his Complaint, namely, that the defendant be terminated or put on probation.  He also asks for an unspecified amount in monetary compensation for his injuries.

   On December 22, 2009, this Court issued an Opinion and Order that dismissed with prejudice Ruiz's claim asserting denial of disciplinary due process for failure to state a cognizable claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); however, Ruiz's claim asserting the use of excessive force in violation of his Fourteenth and/or Eighth Amendment rights was

allowed to proceed. (Docket entry nos. 2 and 3). On July 6, 2011, counsel for defendants filed a notice of appearance on behalf of defendant Stills. (Docket entry no. 15). Also on July 6, 2011, counsel for defendant Cumberland County Jail filed a motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 4(m) and 12(b)(6). (Docket entry no. 17).

In its motion, defendant Cumberland County Jail alleges that the Complaint may be properly dismissed under Fed.R.Civ.P. 4(m) because service of process has never been issued or effectuated as to defendant Cumberland County Jail.[1] In addition, defendant Cumberland County Jail contend that the Complaint is devoid of any allegation upon which relief may be granted as to defendant, and therefore, the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiff has not responded to the motion filed by defendant Cumberland County Jail.

## II.   DISCUSSION

A. Standard on Motion to Dismiss

On a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most

---

[1] Summons was issued and service of the summons and Complaint was executed on or about January 29, 2010, with respect to defendant Stills. (Docket entry nos. 4 and 6).

favorable to the non-moving party.  See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  Iqbal, 129 S.Ct. at 1950.  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000), cert. denied, Forbes v. Semerenko, 531 U.S. 1149 (2001).

In Iqbal, the Supreme Court revised the standard for summary dismissal of a Complaint that fails to state a claim.  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2).[2] Citing its recent opinion in Twombly, for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[3] that applied to federal complaints before Twombly.  Fowler, 578 F.3d at 210.  The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the

---

[3] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id., 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

>complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at 1949-50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

Thus, for a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570).  In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [;][t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S.Ct. at 1949. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its

attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

B.  Dismissal For Failure to State a Claim

Here, defendant Cumberland County Jail argues that the Complaint fails to allege any facts against it sufficient to support a claim for relief.  Defendant observes that the Complaint appears to bring claims against two defendants, Cumberland County Jail and CO Stills, in the caption of the pleading, but no where else in the Complaint does Ruiz make any substantive factual allegations against Cumberland County Jail. Specifically, in ¶¶ 3 (Parties), 4 (Statement of Claims) and 5 (Relief) of the Complaint, Ruiz refers only to defendant Stills and makes no mention of Cumberland County Jail as a defendant. Thus, the only place where CMS is referenced is in the caption of the Complaint.

Consequently, the Complaint must be dismissed, in its entirety, as against defendant Cumberland County Jail, for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6).[4] Moreover, THIS Court finds that defendant Cumberland County Jail must be dismissed from this lawsuit because it is not a "person"

---

[4] Because this Complaint will be dismissed for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), this Court need not reach defendant's alternative argument for dismissal pursuant to Fed.R.Civ.P. 4(m).

subject to liability under § 1983.  See <u>Grabow v. Southern State Correctional Facility</u>, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(correctional facility is not a person under § 1983).; <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271, 274 (D.C. Pa. 1976).

### III.  CONCLUSION

Therefore, for the reasons set forth above, the motion by defendant Cumberland County Jail to dismiss the Complaint, pursuant to <u>Fed.R.Civ.P.</u> 12(b)(6), (Docket entry no. 17), will be granted, and this action will be dismissed with prejudice, in its entirety, with respect to defendant, Cumberland County Jail.  An appropriate order follows.

s/Robert B. Kugler<br>ROBERT B. KUGLER<br>United States District Judge

Dated: March 7, 2012

10